# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ST. LOUIS COUNTY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:15CV746 SNLJ ) |
| CAROL JOHNSON, | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Defendant, who is seeking leave to proceed in forma pauperis in this Court, filed a pro se request for removal of an action for "expungement of her arrest record" from the Circuit Court of St. Louis County. Defendant did not file a copy of the state court file with her notice of removal.

On review of the notice of removal and the exhibits attached thereto, the Court has determined that this action should be summarily remanded for the reasons outlined below.

Title 28 U.S.C. § 1455 governs the removal of state criminal actions[1] to the federal district courts:

> (a) Notice of removal.—A defendant or defendants desiring to remove any criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements.—(1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United

---

[1] Defendant's action would no doubt qualify as a quasi-criminal action, as only the State Court who assessed the criminal action would have jurisdiction over expungement of her State-court arrest.

> States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.
>
> (3) The filing of a notice of removal of a criminal prosecution shall not prevent the State court in which such prosecution is pending from proceeding further, except that a judgment of conviction shall not be entered unless the prosecution is first remanded.
>
> (4) The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.

Defendant has not met the requirements of subsections (a) or (b). She has not submitted a copy of the state file, and the notice of removal does not contain "a short and plain statement of the grounds for removal": the notice of removal, is simply a reiteration of various parts of the United States Constitution and federal removal statutes, but does not state the specific factual grounds for removal in this case. Moreover, the notice of removal was not filed in a timely fashion, because it appears from the documents attached to the notice of removal that the criminal action for "expungement of her arrest record" was filed sometime in September of 2014.

Additionally, Title 28 U.S.C. § 1443 states, in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the

> equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof . . .

To demonstrate that removal is proper under § 1443(1), a defendant "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." *Neal v. Wilson,* 112 F.3d 351, 355 (8th Cir. 1997). "[R]emoval is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial. Removal is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in the state courts." *State of Ga. v. Rachel,* 384 U.S. 780, 800 (1966)).

There is no indication in the notice of removal or the exhibits that defendants are relying on a law of general application that is stated in terms of racial equality. Defendant merely argues that they are being denied general constitutional rights by the trial court – violations which can be addressed on appeal or in habeas corpus proceedings.[2] As a result, removal under 28 U.S.C. § 1443(1) is not available to defendants.

For these reasons, the Court will summarily remand this action under 28 U.S.C. § 1455(b)(4).

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for extension of time to file a copy of the State Court file [Doc. #6] is **DENIED**.

---

[2] It appears this matter has already been concluded, as the request for expungement was denied on February 5, 2015 by Judge Maura McShane.

**IT IS FURTHER ORDERED** that this action is **REMANDED** to St. Louis County Circuit Court.

**IT IS FURTHER ORDERED** that the Clerk shall forward a certified copy of this Order to the St. Louis County Circuit Court, with reference to *Carol Johnson v. Muncipal Court Division, et al.*, Case No. 14SL-CC03078.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

Dated this 12th day of May, 2015.

                                                  STEPHEN N. LIMBAUGH, JR.
                                                UNITED STATES DISTRICT JUDGE